UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OKLAHOMA

1. PIPELINE INDUSTRY PENSION
   FUND

2. PIPELINE INDUSTRY BENEFIT FUND

3. PIPELINE INDUSTRY ANNUITY
   401(K) PLAN

4. LOCAL 798 TRAINING CENTER

5. PIPELINERS LOCAL UNION No. 798

CIVIL ACTION NUMBER:

4:19-cv-00620-CVE-FHM

Versus

1. VOSHELL BROTHERS WELDING, INC.

2. GALE VOSHELL

**COMPLAINT**
(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND
FOR COLLECTION OF DELINQUENT CONTRIBUTIONS)

1.      This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

**I.  PARTIES**

2.      Plaintiff, PIPELINERS INDUSTRY PENSION FUND ("Pension Fund"), is an "employee pension benefit plan" as defined in § 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(2)(a)(i), established by the United Association of Pipe Fitters of the U.S. and Canada, AFL-CIO and employers in an industry affecting commerce, whose employees are represented by Local 798, for the purposes of providing retirement income to the employees.

1

The Pension Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Pension Fund is administered in Tulsa, Oklahoma.

3. Plaintiff, PIPELINERS INDUSTRY BENEFIT FUND ("Health & Welfare Fund"), is an "employee welfare benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by the Local 798 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing medical benefits to the employees. The Health & Welfare Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Health & Welfare Fund is administered in Tulsa, Oklahoma.

4. Plaintiff, PIPELINE INDUSTRY ANNUITY 401(K) PLAN ("Annuity Fund"), is an "employee benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by Local 798 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing annuity benefits to the employees. The Annuity Fund is authorized to sue in its own name by §502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Annuity Fund is administered in Tulsa, Oklahoma.

5. Plaintiff, Local Union No. 798 Training Center ("Training Fund"), is an "employee benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by Local 798 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purposes of providing apprenticeship and journeyman training benefits to employees. The Apprenticeship Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Training Center is administered in Tulsa, Oklahoma.

6. Plaintiff, PIPELINERS LOCAL UNION 798 ("Local 798"), is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and an employee organization within the meaning of 29 U.S.C. § 1002(4). Local 798 is located at 4823 S 83rd E Ave, Tulsa, Oklahoma 74115.

7. Defendant, VOSHELL BROTHERS WELDING, INC ("Voshell Brothers"), is a Delaware Corporation. It has been, at all material times, an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). It has, at all material times, been engaged as a contractor or subcontractor in the industry of plumbing and pipefitting work and, as such, has been, and continues to be, an employer in an "industry affecting commerce" as defined in § 3(12) of ERISA, and 29 U.S.C. § 1002 (12). It is a Delaware, with a principal place of business located at 1769 Kenton Road, Dover, Delaware, 19904. Voshell Brothers Welding, Inc, may be served by delivering a copy of the summons to its registered agent R. Brandon Jones, Esq. located at 225 South State Street, Dover, Delaware 19901.

8. Defendant, Gale Voshell ("G. Voshell"), a domiciliary of Delaware, is a principal and to the best knowledge and belief of the Plaintiffs, the sole or controlling owner Voshell Brothers Welding, Inc and has exercised control over the contributions due each Plaintiff, which are Plan assets of each Plaintiff. He may be served at 1769 Kenton Road, Dover, Delaware 19904.

## II. JURISDICTION AND VENUE

9. Subject matter jurisdiction over this Complaint is conferred on this Honorable Court by 28 U.S.C. §§ 1331 and 1367; §§ 502(e) and 515 of ERISA; 29 U.S.C. §§ 1132 (e) and 1145; and by § 301 (c) of the LMRA, 29 U.S.C. § 185 (c).

10. This Court has personal jurisdiction over the Defendants under §502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2) and § 301 of the LMRA, 29 U.S.C. § 185 (c). Defendants have conducted and continue to conduct business in the Northern District of Oklahoma, specifically providing mechanical and construction services to one or more individual facilities located in this District.

11. Venue is proper in the Northern District of Oklahoma, where the plans are administered and where the breach took place, under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185 (a).

## COUNT ONE
## (UNPAID CONTRIBUTIONS AND LIQUIDATED DAMAGES AND BREACH OF COLLECTIVE BARGAINING AGREEMENT)

12. On June 29, 2017, Gale Voshell signed for Voshell Brothers obligating the company to the Collective Bargaining Agreement ("CBA"), which binds Voshell Brothers to pay monthly contributions to the Pension Fund, Health & Welfare Fund, and Training Fund, collectively the "Plaintiffs Funds" or "Funds," on behalf of employees represented in collective bargaining by Local 798 for services performed at a project or projects in the Northern District of Oklahoma.

13. Under the CBA, Voshell Brothers is obligated to remit the following fringe benefits on behalf of employees engaged in covered employment and represented in collective bargaining by Local 798:

    a.     $7.00 per hour paid to the Pipeline Industry Benefit Fund;

    b.     $14.15 per hour paid to the Pension Fund;

    c.     $6.62 per hour paid to the Annuity Fund;

    d.     $.70 per hour paid to the Training Fund.

14. The Collective Bargaining Agreement obligates Voshell Brothers to deduct 3% of its covered employees' gross wage for dues to Local 798. Additionally, an organizing fee of $.50 per hour worked is also deducted.

15. Further, as a signatory Employer, Voshell Brothers agrees to be bound by the Agreements and Declarations of Trust, and rules and regulations of the Plaintiffs Funds.

16. The CBA and Trust Agreements require Voshell Brothers to file monthly remittance reports itemizing hours worked by employees in the bargaining unit and covered by the CBA. Employers calculate the payments they owe to the Plaintiffs Funds from these reports.

17. Voshell Brothers has failed to submit its June through October 2019 remittance reports and hourly fringe benefit contributions due each Fund and Local 798 for hours worked by employees performing covered employment.

18. Voshell Brothers owes interest and liquidated damages fees for its late submission of its October 2018 through June 2019 contributions.

19. The Funds and Local 798 have made several attempts to contact Voshell Brothers and Gale Voshell requesting that Voshell Brothers submit the outstanding reports and contributions. However, despite these attempts to seek compliance, Voshell Brothers has failed to submit the reports and remit payment of contributions owed.

20. The Funds are entitled to collect delinquent contributions owed from June through October 2019. The Plaintiffs Funds are entitled to accruing interest at 12% per annum.

21. In accordance with ERISA, the Plaintiffs Funds are also entitled to liquidated damages at 20% on contributions.

22. The Funds are entitled to recover all costs incurred in exacting compliance under the CBA, Plan Documents and Trust Agreements, including the actual costs of any payroll audit, attorneys' fees and costs of this litigation.

23. Voshell Brothers is liable for unpaid contributions owed from June through October 2019, liquidated damages, interest, attorneys' fees and costs, in accordance with §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and § 301 of the LMRA, 29 U.S.C. § 185, and the terms of the Funds' Plans.

24. A copy of this Complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by 29 U.S.C. § 1132(h).

**WHEREFORE**, the Plaintiffs Funds pray that this Court deem the Complaint sufficient and, after a trial on the merits, find for the Plaintiffs Funds, granting the following relief:

  a. Declaratory judgement determining all unpaid contributions owed to the Pension Fund, Health & Welfare Fund, Annuity Fund, Apprenticeship Fund, National Pension Fund, and International Training Fund;

  b. All unpaid dues to Local 798;

  c. Interest on all unpaid contributions;

  d. Liquidated damages;

  e. Reasonable attorneys' fees and costs of litigation, including all costs of any payroll audit; and

  f. Any and all legal or equitable relief that this Court deems appropriate, including an order compelling an audit of Defendants' payroll records.

## COUNT TWO

### *(PERMANENT INJUNCTION)*

25. Plaintiffs hereby incorporate the allegations in Paragraph 1 through 24 of this Complaint as if fully set forth and repeated in Count One.

26. Defendant Voshell Bothers Welding, Inc, pursuant to the Collective Bargaining Agreement and the Trust documents, is obligated to make timely contributions and remittance reports to the Funds and Local 798 each month.

27. Defendant Voshell Bothers Welding, Inc has repeatedly failed to make such submissions.

28. This persistent disregard of the contribution and reporting obligations constitutes a violation of the terms of employee benefit plans and the Collective Bargaining Agreement and threatens the Funds and the Training Center and the Funds' and the Training Center's beneficiaries with irreparable harm.

WHEREFORE, Plaintiffs pray for a judgment in Count Two as follows:

a. That Defendant Voshell Bothers Welding, Inc, be enjoined from failing to timely pay contributions and making reports to the Funds, the Training Center, and Local 798 in the manner required by the applicable collective bargaining agreements;

b. That the Plaintiffs be awarded their reasonable attorneys' fees and costs as provided in § 502(g)(2) of the ERISA, 29 U.S.C. § 1132(g)(2); and

c. That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

## **COUNT THREE**

### *(BREACH OF FIDUCIARY DUTY)*

29. Plaintiffs hereby incorporate the allegations set forth in Paragraphs 1 through 28 of this complaint as if fully set forth and repeated in Count Two.

30. The Funds' contractual right to collect unpaid monthly employer contributions is an asset of the Funds.

31. Defendant, Gale Voshell as president and owner of Voshell Bothers Welding, Inc exercised authority and control over Fund assets, specifically unpaid monthly employer contributions to the Funds. Gale Voshell is liable individually and as a fiduciary of the Funds pursuant to § 3 (21)(A) of ERISA, 29 U.S.C. § 1002 (21)(A).

WHEREFORE, Plaintiffs pray for judgment as follows:

(a) That the Court declare Voshell Bothers Welding, Inc and Gale Voshell liable to the Funds for all unpaid fringe benefit contributions, plus interest and liquidated damages, due and owing to each Fund for hours worked by covered employees employed by Voshell Brothers throughout the term of the CBA.

(b) For an accounting by payroll audit of Voshell Bothers Welding, Inc, books and records, at Defendants' expense, to verify the amount of unpaid fringe benefit contributions due to each Fund.

(c) That Defendants Voshell Bothers Welding, Inc and Gale Voshell be enjoined from failing to pay contributions and making reports to the Funds and Local 798 in the manner required by the applicable CBA.

(d) That the Plaintiffs be awarded their reasonable attorneys' fees and costs as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

(e)     That this Court grant the Plaintiffs such further relief as is deemed just and appropriate.

A copy of the Complaint has been served on the Secretary of Labor and the Secretary of the Treasury by certified mail pursuant to 29 U.S.C. § 1132(h).

Respectfully submitted,

**ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, APLC**

/s/ Louis L. Robein
Louis L. Robein (LA Bar No. 11307)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
lrobein@ruspclaw.com


**HOLLOWAY•MONAGHAN•KING**

s/ W. Brant Warrick
Kelly F. Monaghan(OK Bar No. 11681)
Brant Warrick (OK Bar No. 30967)
4111 So. Darlington, Suite 100
Tulsa, Oklahoma 74135
Telephone: (918) 627-6202
Facsimile: (918) 627-6265
kmonaghan@hmkoklaw.com
bwarrick@hmkoklaw.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 19th day of November 2019, on the following:

Steven Terner Mnuchin
Department of The Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220


Alexander Acosta, Secretary of Labor
U.S. Department of Labor
200 Construction Avenue, N.W.
Washington, D.C. 20002


/s/_W. Brant Warrick_____